**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **NO. 4:20-CR-0550 AGF** |
| **v.** | ) | |
| | ) | |
| **LOUQUINCY CARR,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## GUILTY-PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

1.  **PARTIES:**

The parties are the defendant Louquincy Carr, represented by defense counsel Jason Korner, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

2.  **GUILTY PLEA:**

A.  **The Plea:**   Pursuant to Rule 11(c)(1)(A), of the Federal Rules of Criminal Procedure, in exchange for the Defendant's voluntary plea of guilty to Counts One, Two, Three, Four, Five, Seven, and Nine of the Indictment, the United States agrees to move for the dismissal as to Count Six and Eight at the time of sentencing. Moreover, the United States agrees that no

further federal prosecution will be brought in this District relative to Defendant's violations of federal law, known to the United States at this time, arising out of the events set forth in the Indictment. In pleading guilty to Counts One, Three, Five, and Seven, the Defendant specifically acknowledges that he committed the completed offenses of Interference with Commerce by Robbery.

**B.**   **The Sentence:**   The parties agree that the recommendations contained herein fairly and accurately set forth some guidelines that may be applicable to this case. **Further, the parties agree that neither party shall recommend a sentence less than 204 months (17 years) nor more than 264 months (22 years).** The parties understand that the Court is neither a party to nor bound by the recommendations agreed to in this document.

**3.**   **ELEMENTS:**

**A.**   **Count One:**   As to Count One, the Defendant admits to knowingly violating Title 18, United States Code, Section 1951(a), and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

> **(i)**   The Defendant knowingly robbed T-Mobile, a commercial establishment engaged in interstate or foreign commerce;
>
> **(ii)**   The robbery involved United States currency and a cellular phone;
>
> **(iii)**   The United States currency and cellular phone were in the custody of an employee of the commercial establishment; and
>
> **(iv)**   The Defendant's actions affected commerce in some way or degree.

**B.**   **Count Two:**   As to Count Two, the Defendant admits to knowingly violating Title 18, United States Code, Section 924(c), and admits there is a factual basis for the plea and further fully understands that the elements of the crime are as follows:

   **(i)**   The Defendant committed the crime of armed robbery as set forth in Count One of the Indictment; and

   **(ii)**   The Defendant knowingly possessed and brandished a firearm in furtherance of that crime.

**C.**   **Count Three:**   As to Count Three, the Defendant admits to knowingly violating Title 18, United States Code, Section 1951(a), and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

   **(i)**   The Defendant knowingly robbed T-Mobile, a commercial establishment engaged in interstate or foreign commerce;

   **(ii)**   The robbery involved United States currency;

   **(iii)**   The United States currency was in the custody of an employee of the commercial establishment; and

   **(iv)**   The Defendant's actions affected commerce in some way or degree.

**D.**   **Count Four:**   As to Count Four, the Defendant admits to knowingly violating Title 18, United States Code, Section 924(c), and admits there is a factual basis for the plea and further fully understands that the elements of the crime are as follows:

   **(i)**   The Defendant committed the crime of armed robbery as set forth in Count Three of the Indictment; and

   **(ii)**   The Defendant knowingly possessed and brandished a firearm in

furtherance of that crime.

**E.**    **Count Five:**    As to Count Five, the Defendant admits to knowingly violating Title 18, United States Code, Section 1951(a), and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

    **(i)**    The Defendant knowingly robbed Boost Mobile, a commercial establishment engaged in interstate or foreign commerce;

    **(ii)**    The robbery involved United States currency and cellular phones;

    **(iii)**    The United States currency and cellular phones were in the custody of an employee of the commercial establishment; and

    **(iv)**    The Defendant's actions affected commerce in some way or degree.

**F.**    **Count Seven:** As to Count Seven, the Defendant admits to knowingly violating Title 18, United States Code, Section 1951(a), and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

    **(i)**    The Defendant knowingly robbed Wingstop, a commercial establishment engaged in interstate or foreign commerce;

    **(ii)**    The robbery involved United States currency;

    **(iii)**    The United States currency was in the custody of an employee of the commercial establishment; and

    **(iv)**    The Defendant's actions affected commerce in some way or degree.

**H.**    **Count Nine:**    As to Count Nine, the Defendant admits to knowingly violating Title 18, United States Code, Section 922(g)(1), and admits there is a factual basis for the plea and further fully understands that the elements of the crime are as follows:

(i)     The Defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year;

(ii)    The Defendant, thereafter, knowingly possessed a firearm;

(iii)   At the time the defendant knowingly possessed the firearm, he knew he had been convicted of a crime punishable by imprisonment for more than one year; and

(iv)    The firearm was transported across a state line at some point during or before the Defendant's possession of it.

## 4.     FACTS:

The parties agree that the facts in this case are as follows and that the United States would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

### Counts One and Two

On July 24, 2020, the Defendant entered a T-Mobile store located at 3630 South Grand Avenue, Saint Louis, Missouri, within the Eastern District of Missouri. T-Mobile is a commercial establishment engaged in interstate or foreign commerce and buys and sells articles and commodities that have been previously transported in interstate or foreign commerce.

Upon entering the store, the Defendant looked at some display phones before approaching the counter. At the counter, an employee showed the Defendant a box containing an iPhone. The Defendant pointed a silver semi-automatic handgun at the employee and demanded money from the register, while also placing the boxed iPhone into his pants pocket. The employee complied and handed over money. After taking the money, the Defendant picked up a bottle of hand sanitizer

and poured it over the counter. The Defendant then told the employee to take off the employee's shirt and wipe the counter of fingerprints. Thereafter, the Defendant forced the employee into the back office at gunpoint. The Defendant then fled the store on foot.

St. Louis Metropolitan Police Department ("SLMPD") officers responded to the T-Mobile, seized surveillance video and processed the scene for forensic evidence. The SLMPD Crime Laboratory advised that latent fingerprints recovered from the hand sanitizer bottle matched the right palm, index finger, and thumb of the Defendant.

Counts Three and Four

On August 4, 2020, the Defendant entered a T-Mobile store located at 3630 South Grand Avenue, Saint Louis, Missouri, within the Eastern District of Missouri. T-Mobile is a commercial establishment engaged in interstate or foreign commerce and buys and sells articles and commodities that have been previously transported in interstate or foreign commerce.

When the Defendant entered the store, he looked around for a short time, then approached an employee and produced a silver handgun, pointed at the employee, and demanded money from the register. While pointing the handgun, the Defendant told everyone in the store not to move, or he would kill them. The employee complied and removed the cash drawer from the register. The Defendant removed the money from the cash register. After taking the money, the Defendant forced two employees and two customers into a back room at gunpoint. The Defendant then fled the store on foot.

Count Five

On August 14, 2020, the Defendant entered a Boost Mobile store, located at 3706 South Grand Avenue, Saint Louis, Missouri, within the Eastern District of Missouri. Boost Mobile is a

commercial establishment engaged in interstate or foreign commerce and buys and sells articles and commodities that have been previously transported in interstate or foreign commerce.

When the Defendant entered the store, he approached the employee at the register. After the employee and the Defendant had a conversation, the Defendant produced a silver handgun, pointed it at the employee, and demanded money. The employee complied and removed money from the register. After taking the money from the first employee, the Defendant turned to a second employee and demanded money from the second employee. After obtaining money from the second employee, the Defendant ordered the two employees to a back office in the store at gunpoint. Once in the back office, the Defendant demanded to know where the bathroom and rear exit were located. Thereafter, the Defendant asked where the "good phones" were. The employees showed the Defendant where new cell phones were located. The Defendant held one of the employees at gunpoint while the employee placed multiple phones into a bag the Defendant brought with him. After the bag was filled, the Defendant ordered the two employees into the bathroom, then ran out the rear exit of the store. Boost Mobile conducted an inventory and determined the Defendant took approximately fifteen iPhones.

Count Seven

On August 25, 2020, the Defendant entered a Wingstop, located at 3626 South Grand Avenue, Saint Louis, Missouri, within the Eastern District of Missouri. Wingstop is a commercial establishment engaged in interstate or foreign commerce and buys and sells articles and commodities that have been previously transported in interstate or foreign commerce

When the Defendant entered the restaurant, he walked around the restaurant, near the counter. The Defendant waited for a short period of time, then walked behind the counter, removed

Page **7** of **22**

a silver handgun from his pocket, and pointed it at employees. The Defendant ordered an employee to open the register and remove the money. The employee complied and gave the Defendant money. The Defendant then ordered an employee to open the safe. The employee complied and gave the Defendant money from the safe. The Defendant ordered all store employees into a back room of the restaurant. Once all employees were in the back room, the Defendant ordered two employees to open the back door, at which time the Defendant fled from the restaurant.

<u>Count Nine</u>

While investigating the aforementioned robberies, law enforcement learned that the Defendant frequently resided at a residence within walking distance of all four robberies, located at 3433 Giles Avenue, Saint Louis, Missouri, within the Eastern District of Missouri. On September 20, 2020, law enforcement executed a search warrant at 3433 Giles Avenue. The Defendant was arrested at that residence. In the bedroom where the Defendant was located was a silver ~~Smith 9mm~~ *Larkin .380 ¶ (HK). C* handgun, which matched the description of the gun used in all four armed robberies. Law enforcement also executed a search warrant at another residence where the Defendant frequently resided. At that residence, law enforcement located multiple items of clothing which matched the clothing worn by the Defendant in the aforementioned robberies.

The ~~Smith 9mm~~ *Larkin .380 ¶ (HK). C* handgun was determined by an expert firearms examiner to have been manufactured outside the State of Missouri, and, therefore, the handgun had been transported across state lines and in interstate commerce prior to or during Defendant's possession. The handgun can expel a projectile by the action of an explosive and is, therefore, a "firearm" as defined under federal law. The Defendant admits possessing the firearm in furtherance of crimes of violence, specifically the armed robberies, as charged in Counts One, Three, Five, and Seven.

Prior to September 20, 2020, Defendant was convicted of at least one felony crime punishable by imprisonment for a term exceeding one year. At the time Defendant possessed the aforementioned firearm, he knew he had been convicted of a crime punishable by a term of imprisonment exceeding one year.

5. **STATUTORY PENALTIES:**

A. **Statutory Penalties**: The Defendant fully understands that the maximum possible penalties provided by law for the crimes to which the Defendant is pleading guilty are:

(i) **Counts One, Three, Five, and Seven**:   imprisonment of not more than twenty years, a fine of not more than $250,000, or both such imprisonment and fine. The Court shall also impose a period of supervised release of not more than three years.

(ii) **Counts Two and Four**:   imprisonment of not less than seven years, but not more than life, consecutive to any other sentence imposed; a fine of not more than $250,000; or both such imprisonment and fine. The Court also may impose a period of supervised release of not more than five years. **The Defendant fully understands that the crimes to which a guilty plea is being entered requires a mandatory minimum term of imprisonment of seven years consecutive to any other sentence imposed.**

(iii) **Count Nine**: imprisonment of not more than ten years, a fine of not more than $250,000, or both such imprisonment and fine. The Court also may impose a period of supervised release of not more than three years.

In certain situations under Title 18, United States Code, Section 924(e)(Armed Career Criminal), the Defendant may be subject to a mandatory minimum sentence of imprisonment of fifteen (15) years and a maximum of life, a fine of not more than $250,000, or both such

imprisonment and fine, and a term of supervised release of not more than five years. The Defendant is pleading guilty with full knowledge of these possibilities, has discussed these possibilities with counsel and will not be able to withdraw the guilty plea if the Court determines the foregoing statute applies to Defendant's sentence.

6.    **U.S. SENTENCING GUIDELINES: 2021 MANUAL**

The Defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are the U.S. Sentencing Guidelines Total Offense Level provisions that apply:

A.    **Offense Conduct**:

**COUNT ONE**
**ARMED ROBBERY**

(i)    **Chapter 2 Offense Conduct**:

(a)    **Base Offense Level**:  The parties agree that the Base Offense Level is 20 as found in Section 2B3.1(a).

(b)    **Specific Offense Characteristics**:    The parties agree that the following Specific Offense Characteristics apply:

(1) Two (2) levels should be added pursuant to Section 2B3.1(b)(4)(B) because a person was physically restrained to facilitate commission of the offense.

(ii)    **Chapter 3 and 4 Adjustments**:

(a)    **Acceptance of Responsibility:** The parties recommend that two levels should be deducted pursuant to Sentencing Guidelines Section 3E1.1(a) because the Defendant has clearly demonstrated acceptance of responsibility. If the deduction pursuant to

Sentencing Guidelines Section 3E1.1(a) is applied, and the Defendant is otherwise eligible, then the United States moves to deduct one additional level pursuant to Sentencing Guidelines Section 3E1.1(b)(2), because the Defendant timely notified authorities of the intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

The parties agree that if the Defendant does not abide by all of the agreements made within this document, the Defendant's failure to comply is grounds for the loss of acceptance of responsibility pursuant to Sentencing Guidelines Section 3E1.1. The parties further agree that the Defendant's eligibility for a reduction pursuant to Sentencing Guidelines Section 3E1.1 is based upon the information known at the present time and that any actions of the Defendant which occur or which become known to the United States subsequent to this agreement and are inconsistent with the Defendant's acceptance of responsibility including, but not limited to criminal conduct, are grounds for the loss of acceptance of responsibility pursuant to Sentencing Guidelines Section 3E1.1. In any event, the parties agree that all of the remaining provisions of this agreement remain valid and in full force and effect.

## COUNT THREE

**(i)    Chapter 2 Offense Conduct**:

      **(a)    Base Offense Level**:  The parties agree that the Base Offense Level is 20 as found in Section 2B3.1(a).

      **(b)    Specific Offense Characteristics**:    The parties agree that the following Specific Offense Characteristics apply:

        (1) Two (2) levels should be added pursuant to Section

Page **11** of **22**

2B3.1(b)(4)(B) because a person was physically restrained to facilitate commission of the offense;

(2) Two (2) levels should be added pursuant to Section 2B3.1(b)(2)(F) because a threat of death was made.

### (ii)   Chapter 3 and 4 Adjustments:

(a)   **Acceptance of Responsibility:** The parties recommend that two levels should be deducted pursuant to Sentencing Guidelines Section 3E1.1(a) because the Defendant has clearly demonstrated acceptance of responsibility. If the deduction pursuant to Sentencing Guidelines Section 3E1.1(a) is applied, and the Defendant is otherwise eligible, then the United States moves to deduct one additional level pursuant to Sentencing Guidelines Section 3E1.1(b)(2), because the Defendant timely notified authorities of the intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

The parties agree that if the Defendant does not abide by all of the agreements made within this document, the Defendant's failure to comply is grounds for the loss of acceptance of responsibility pursuant to Sentencing Guidelines Section 3E1.1. The parties further agree that the Defendant's eligibility for a reduction pursuant to Sentencing Guidelines Section 3E1.1 is based upon the information known at the present time and that any actions of the Defendant which occur or which become known to the United States subsequent to this agreement and are inconsistent with the Defendant's acceptance of responsibility including, but not limited to criminal conduct, are grounds for the loss of acceptance of responsibility pursuant to Sentencing Guidelines Section 3E1.1. In any event, the parties agree that all of the remaining provisions of this agreement remain valid and in full force and effect.

## COUNTS FIVE AND SEVEN
## ARMED ROBBERY

**(i)**      **Chapter 2 Offense Conduct**:

      **(a)**      **Base Offense Level**:   The parties agree that the Base Offense Level is 20 as found in Section 2B3.1(a).

      **(b)**      **Specific Offense Characteristics**:      The parties agree that the following Specific Offense Characteristics apply:

      (1) Five (5) levels should be added pursuant to Section 3B3.1(b)(2)(C), because a firearm was brandished;

      (2) Two (2) levels should be added pursuant to Section 2B3.1(b)(4)(B) because a person was physically restrained to facilitate commission of the offense.

**(ii)**      **Chapter 3 and 4 Adjustments**:

      **(a)**      **Acceptance of Responsibility:** The parties recommend that two levels should be deducted pursuant to Sentencing Guidelines Section 3E1.1(a) because the Defendant has clearly demonstrated acceptance of responsibility. If the deduction pursuant to Sentencing Guidelines Section 3E1.1(a) is applied, and the Defendant is otherwise eligible, then the United States moves to deduct one additional level pursuant to Sentencing Guidelines Section 3E1.1(b)(2), because the Defendant timely notified authorities of the intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

      The parties agree that if the Defendant does not abide by all of the agreements made within this document, the Defendant's failure to comply is grounds for the loss of acceptance of responsibility pursuant to Sentencing Guidelines Section 3E1.1. The parties further agree that the

Defendant's eligibility for a reduction pursuant to Sentencing Guidelines Section 3E1.1 is based upon the information known at the present time and that any actions of the Defendant which occur or which become known to the United States subsequent to this agreement and are inconsistent with the Defendant's acceptance of responsibility including, but not limited to criminal conduct, are grounds for the loss of acceptance of responsibility pursuant to Sentencing Guidelines Section 3E1.1. In any event, the parties agree that all of the remaining provisions of this agreement remain valid and in full force and effect.

### COUNTS TWO, FOUR, ~~AND SIX~~
### POSSESSION OF FIREARM IN FURTHERANCE OF ARMED ROBBERY

(i)   **Chapter 2 Offense Conduct**:

(a)   **Base Offense Level**:   The parties agree that the Base Offense Level is found in Section 2K2.4(b).

(b)   **Specific Offense Characteristics**:   The parties agree that the following Specific Offense Characteristics apply: none known at this time.

(ii)   **Chapter 3 and 4 Adjustments**:   Pursuant to Section 2K2.4(b) and Application Note 5, Chapters Three and Four do not apply. Therefore, as to Counts Two, Four, ~~and Six~~, the Defendant is not entitled to an acceptance of responsibility reduction under Section 3E1.1.

### COUNT NINE
### FELON IN POSSESSION OF A FIREARM

(i)   **Chapter 2 Offense Conduct**:

(a)   **Base Offense Level**:   The parties agree that the Base Offense Level is found in Section 2K2.1(a) and depends on, among other things, the nature of the Defendant's

Page 14 of 22

criminal history and the characteristics of the firearm. The Base Offense Level may also be determined under Section 4B1.4 if Defendant is determined to be an Armed Career Criminal.

        **(b)**   **Specific Offense Characteristics**: The parties agree that the following Specific Offense Characteristics apply: Four (4) levels will be added pursuant to 2K2.1(b)(6)(B) because the Defendant possessed the firearm in connection with the offense of Armed Robbery, pursuant to Title 18, United States Code, Section 1951(a).

        **(ii)**   **Chapter 3 and 4 Adjustments**:

        **(a)**   **Acceptance of Responsibility:** The parties recommend that two levels should be deducted pursuant to Sentencing Guidelines Section 3E1.1(a) because the Defendant has clearly demonstrated acceptance of responsibility. If the deduction pursuant to Sentencing Guidelines Section 3E1.1(a) is applied, and the Defendant is otherwise eligible, then the United States moves to deduct one additional level pursuant to Sentencing Guidelines Section 3E1.1(b)(2), because the Defendant timely notified authorities of the intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

The parties agree that if the Defendant does not abide by all of the agreements made within this document, the Defendant's failure to comply is grounds for the loss of acceptance of responsibility pursuant to Sentencing Guidelines Section 3E1.1. The parties further agree that the Defendant's eligibility for a reduction pursuant to Sentencing Guidelines Section 3E1.1 is based upon the information known at the present time and that any actions of the Defendant which occur or which become known to the United States subsequent to this agreement and are inconsistent with the Defendant's acceptance of responsibility including, but not limited to criminal conduct,

are grounds for the loss of acceptance of responsibility pursuant to Sentencing Guidelines Section 3E1.1. In any event, the parties agree that all of the remaining provisions of this agreement remain valid and in full force and effect.

**B.** **Multiple Counts:** The parties agree that Counts One, Two, Three, Four, Five, Seven and Nine of the Indictment do not group together, pursuant to Section 3D1.2. Pursuant to Section 3D1.4, Defendant's combined offense level may be increased by as many as five (5) levels.

**C.** **Estimated Total Offense Level:** The parties estimate that the Total Offense Level will depend on, among other things, the nature of Defendant's criminal history, the combined offense level, as determined by Section 3D1.4, and the characteristics of the firearms. Based on the foregoing, the parties estimate that Defendant's Total Offense Level will be at least 30. Depending on the underlying offenses and Defendant's criminal history, Defendant could be Career Offender pursuant to Section 4B1.1 or an Armed Career Offender pursuant to Title 18, United States Code, Section 924(e) and Section 4B1.4. If the Court finds Defendant is a Career Offender or an Armed Career Criminal or both, the Total Offense Level may be higher, and the Criminal History Category may be as high as Category VI. Defendant has discussed these possibilities with defense counsel. Both parties reserve the right to argue that the defendant is or is not a Career Offender or an Armed Career Criminal.

**D.** **Criminal History:** The determination of the Defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the Defendant's criminal history and the applicable category. The Defendant's criminal history is known to the Defendant and is substantially available in the Pretrial Services Report.

**E.**     **Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement. The Government recognizes it is bound by the specific agreements made above but reserves the right to answer any questions the U.S. Probation Office or the Court might have related to sentencing or present evidence at the Court's request.

**7.**     **WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**

**A.**     **Appeal:**   The Defendant has been fully apprised by defense counsel of the Defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

**i.**     **Non-Sentencing Issues:**   The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea. The Defendant specifically acknowledges that because he is pleading guilty to completed robberies pursuant to Title 18, United Code, Section 1951(a), the Defendant's guilty pleas to Counts Two, Four, ~~and Six~~ are not affected by *United States v. Taylor*, -- U.S. -- (2022).

**ii.**     **Sentencing Issues:**   In the event the Court accepts the plea and sentences the Defendant consistent with or below the parties' agreement to recommend a sentence not less than 204 months (17 years) nor more than 264 months (22 years), then, as part of this agreement, the Defendant hereby waives all rights to appeal all sentencing issues other than Criminal History. Similarly, the United States hereby waives all rights to appeal all sentencing issues other than

Criminal History, provided the Court accepts the plea and sentences the Defendant consistent with or above the parties' agreement to recommend a sentence not less than 204 months (17 years) nor more than 264 months (22 years).

**B.    Habeas Corpus:**    The Defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

**C.    Right to Records:**    The Defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

**8.    OTHER:**

**A.    Disclosures Required by the United States Probation Office:**    The Defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the United States.

**B.    Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:**    Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the Defendant.

**C.    Supervised Release:**    Pursuant to any supervised release term, the Court will impose standard conditions upon the Defendant and may impose special conditions related to the

crime Defendant committed. These conditions will be restrictions on the Defendant to which the

Defendant will be required to adhere. Violation of the conditions of supervised release resulting in

revocation may require the Defendant to serve a term of imprisonment equal to the length of the

term of supervised release, but not greater than the term set forth in Title 18, United States Code,

Section 3583(e)(3), without credit for the time served after release. The Defendant understands

that parole has been abolished.

    **D.**   **Mandatory Special Assessment:**   This offense is subject to the provisions of the

Criminal Fines Improvement Act of 1987 and the Court is required to impose a mandatory special

assessment of $100 per count for a total of $800, which the Defendant agrees to pay at the time of

sentencing. Money paid by the Defendant toward any restitution or fine imposed by the Court shall

be first used to pay any unpaid mandatory special assessment.

    **E.**   **Possibility of Detention:**   The Defendant may be subject to immediate detention

pursuant to the provisions of Title 18, United States Code, Section 3143.

    **F.**   **Fines and Costs of Incarceration and Supervision:**   The Court may impose a

fine, costs of incarceration, and costs of supervision. The Defendant agrees that any fine imposed

by the Court will be due and payable immediately.

    **G.**   **Forfeiture:**   The Defendant agrees to forfeit all of the Defendant's interest in all

items seized by law-enforcement officials during the course of their investigation. The Defendant

admits that all United States currency, weapons, property, and assets seized by law enforcement

officials during their investigation constitute the proceeds of the defendant's illegal activity, were

commingled with illegal proceeds, or were used to facilitate the illegal activity. The Defendant

agrees to execute any documents and take all steps needed to transfer title or ownership of said

Page **19** of **22**

items to the United States and to rebut the claims of nominees and/or alleged third party owners. The Defendant further agrees that said items may be disposed of by law enforcement officials in any manner.

9.    **ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:**

In pleading guilty, the Defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the United States to prove the elements of the offenses charged against the Defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The Defendant further understands that by this guilty plea, the Defendant expressly waives all the rights set forth in this paragraph.

The Defendant fully understands that the Defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The Defendant's counsel has explained these rights and the consequences of the waiver of these rights. The Defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The Defendant is fully satisfied with the representation received from defense counsel. The Defendant has reviewed the United States' evidence and discussed the United States' case and all

possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the Defendant has requested relative to the United States' case and any defenses.

## 10.    VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:

This document constitutes the entire agreement between the Defendant and the United States, and no other promises or inducements have been made, directly or indirectly, by any agent of the United States, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the Defendant states that no person has, directly or indirectly, threatened or coerced the Defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The Defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The Defendant further acknowledges that this guilty plea is made of the Defendant's own free will and that the Defendant is, in fact, guilty.

## 11.    CONSEQUENCES OF POST-PLEA MISCONDUCT:

After pleading guilty and before sentencing, if the Defendant commits any crime, other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The United States may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

Page **21** of **22**

12.    **NO RIGHT TO WITHDRAW GUILTY PLEA:**

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the Defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the United States agrees to dismiss or not to bring.

8/29/2022
Date

Jennifer L. Szczucinski
Assistant United States Attorney

Aug/25/22
Date

Louquincy Carr
Defendant

8/29/2020
Date

Jason Korner
Attorney for Defendant